UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

v.                                                                    Case # 18-CR-6126-FPG

BASILIO HERNANDEZ,                                      DECISION AND ORDER

                          Defendant.
_____

## INTRODUCTION

On September 21, 2021, after a jury trial, Defendant Basilio Hernandez was found guilty of one count of narcotics conspiracy. ECF Nos. 141, 142. On October 5, 2021, Defendant filed a motion for a new trial pursuant to Rule 33(a). ECF No. 145. He argues, *inter alia*, that the government failed to produce "all Jenks [sic], Rosario and Brady materials as required by law." *Id.* at 6. In addition to moving for a new trial, Defendant has filed a separate motion requesting that the Court unseal documents related to its previous *in camera* review of potential impeachment evidence against three government witnesses. *See* ECF No. 152 at 3. As part of that motion, Defendant also requests that the Court order "the government to turn over and disclose Brady/Giglio records as they relate to Joseph Briganti." *Id.* at 5. The Court resolves the motion to unseal in this Decision & Order. For the reasons that follow, Defendant's motion is DENIED.

## DISCUSSION

"It is well established that upon a request by a defendant, the [g]overnment has a duty to turn over all material exculpatory evidence in its possession, including material impeachment evidence relating to [g]overnment witnesses." *United States v. Leung*, 40 F.3d 577, 582 (2d Cir. 1994) (internal citation omitted). The Second Circuit has "articulated a procedure for determining whether impeachment evidence is material and must be disclosed." *United States v. Preldakaj*, 456 F. App'x 56, 59 (2d Cir. 2012) (summary order). "Typically, the prosecution itself makes the

1

initial determination as to what evidence must be disclosed to the defense." *Leung*, 40 F.3d at 582. "To the extent that there is a question as to the relevance or materiality of a given group of documents, the documents are normally submitted to the court for *in camera* review." *United States v. Wolfson*, 55 F.3d 58, 60 (2d Cir. 1995). Once the dispute is resolved, and if "the defendant objects to the court's ruling, the material is preserved for appellate review." *United States v. Wilson*, No. 04-CR-1016, 2013 WL 1338710, at *10 (E.D.N.Y. Apr. 1, 2013); *cf. Wolfson*, 55 F.3d at 60 (discussing in the context of the Jencks Act).

Defendant challenges that process as undertaken in this case, arguing that he "was denied an opportunity to review this material and to be heard on the issue," that he "cannot assess the validity of the government's assertion that 'the records are not material' without being provided and given an opportunity to review the very records in question," and that he should have been included in the proceedings.[1]  ECF No. 152 at 4-5.

Defendant's arguments "misconceive[] the purpose of *in camera* inspection of [g]overnment files in the context of protecting a defendant's *Brady* rights." *Leung*, 40 F.3d at 583. "In the rare circumstances where [inspection by the district court] is required, its purpose is not to provide a general discovery device for the defense." *Id.*  This is because "criminal defendants have no constitutional right to know the contents of [g]overnment files in order to present arguments in favor of disclosure." *Id.*; *see also Wolfson*, 55 F.3d at 60 (noting that "[a] defendant's *Brady* request for discovery of exculpatory materials" does not give the defendant "the right to assess materiality himself").  "Rather, the purpose of *in camera* inspection is to supplement the [g]overnment's assessment of materiality with the impartial view provided by the trial judge."

---

[1] Although Defendant was on notice that *ex parte* motions had been filed by the government, *see* ECF No. 156 at 3, the Court does agree that the existence of the government's applications should have been visible to Defendant on the electronic docket sheet. *Cf. United States v. Yousef*, 327 F.3d 56, 167 (2d Cir. 2003).  The Court has directed the Clerk of Court to make those changes.

*Leung*, 40 F.3d at 583.  This procedure protects a defendant's interests while maintaining "the government's legitimate right to protect the confidentiality of its agents' records." *Preldakaj*, 456 F. App'x at 59; *see also Leung*, 40 F.3d at 582 (defendant's right to "obtain material impeachment evidence" is "amply protected" when a district court conducts an "independent *in camera* review of relevant [g]overnment files to determine materiality"); *Wolfson*, 55 F.3d at 60 ("[*In camera*] review preserves the confidentiality of those documents that the court determines need not be disclosed to the defendant.").  Indeed, "[t]he nature of such proceedings precludes the defendant's participation: Where the very question at issue is whether the prosecution is obliged to reveal certain material to the defendant, the inquiry cannot begin by revealing that material to the defendant." *Contreras v. Artus*, 778 F.3d 97, 114 (2d Cir. 2015); *see also United States v. Rozic*, 104 F.3d 351, 1996 WL 626352, at *2 (2d Cir. 1996) (table op.) ("[Defendant's] suggestion that a defendant is denied his right to due process of law when his attorney is not present at an *in camera* review of potential *Brady* material completely subverts the purpose of the *in camera* review."). Although "*ex parte* proceedings are generally discouraged," the Second Circuit has permitted and even "encourage[d]" them in this context, as it "ensure[s] the disclosure of exculpatory evidence while preserving the confidentiality of those documents that the court determines need *not* be disclosed." *Contreras*, 778 F.3d at 114 (internal quotation marks and brackets omitted).

In short, Defendant's arguments—in essence, that he has been unable to participate in or be heard on the *in camera* review process—are foreclosed by Second Circuit precedent.[2]

---

[2] Defendant also argues that "continued sealing is unnecessary if [the records] are as immaterial as the government maintains," and that there is "no harm" in unsealing the records "now that the trial is over." ECF No. 162 at 3-4. Leaving aside the fact that Defendant is currently moving for a new trial, he fails to identify any authority for the proposition that government files must be disclosed to the defense merely because such disclosure concerns "immaterial" information or would be "harmless." *Cf. Kyles v. Whitley*, 514 U.S. 419, 437 (1995) ("We have never held that the Constitution demands an open file policy."). Documents that are "properly withheld" after *in camera* review need not be disclosed to the defense—that is the very purpose of such review. *Wolfson*, 55 F.3d at 61.

3

Accordingly, the Court denies Defendant's request to vacate the protective order and unseal the relevant documents.

Nevertheless, in order to fully preserve any issues for appeal, and out of an abundance of caution, the Court will conduct a *de novo*, *in camera* review of the potential impeachment evidence related to the three witnesses at issue. By **January 19, 2022**, the government shall submit, under seal, all relevant government files pertaining to the potential impeachment evidence to the Court for *in camera* review. The government's mere "description of the allegations contained" in said files will not suffice. *United States v. Kiszewski*, 877 F.2d 210, 216 (2d Cir. 1989). The Court will review those materials in connection with Defendant's pending Rule 33 motion.

As for Defendant's request that the government be ordered to disclose all *Brady*/*Giglio* records "as they relate to Joseph Briganti," the Court denies that request. ECF No. 152 at 5. Defendant does not state why an order is necessary: the government is undoubtedly aware of its obligations under *Brady* and *Giglio*, should such evidence exist, *see* ECF No. 94 at 1 (ordering government to produce "all exculpatory evidence to the defendant pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny"), and Defendant offers no reason to believe that any outstanding records exist that relate to Briganti. *See* ECF No. 152 at 5-6. To the extent Defendant is asking to participate in any future *in camera* proceedings "relating to Briganti or any other witness," *id.* at 6, that request is denied for the reasons stated above.

## CONCLUSION

For the foregoing reasons, Defendant's motion to unseal (ECF No. 152) is DENIED. By **January 19, 2022**, the government shall submit, under seal, all relevant government files pertaining to the potential impeachment evidence for *in camera* review.

IT IS SO ORDERED.

Dated: January 12, 2022
      Rochester, New York

                                                HON. FRANK P. GERACI, JR.
                                                United States District Judge
                                                Western District of New York