UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                                                                                                                 Case # 18-CR-6126-FPG

v.

                                                                                                                  DECISION AND ORDER

BASILIO HERNANDEZ,
                        Defendant.
_____

## INTRODUCTION

On September 21, 2021, after a jury trial, Defendant Basilio Hernandez was found guilty of one count of narcotics conspiracy. ECF Nos. 141, 142. On October 5, 2021, Defendant filed a motion for a new trial pursuant to Federal Rule of Criminal Procedure 33(a). ECF No. 145. He argues that said relief is warranted because (1) the government failed to identify a confidential informant until shortly before trial, (2) the government did not disclose a number of documents and records to defense counsel until a few days before trial, (3) the government failed to disclose the disciplinary records of three government witnesses, and (4) the Court erroneously declined to assign Defendant a second attorney.[1] *See* ECF Nos. 145, 148. The government opposes the motion. ECF No. 149. For the reasons that follow, Defendant's motion is DENIED.

## DISCUSSION

**I.   Disclosure of Confidential Informant's Identity**

The jury trial in this matter began on September 13, 2021. On August 24, 2021—two weeks before the pretrial conference and nearly three weeks before the trial—the government disclosed the identity of its confidential informant to defense counsel. *See* ECF No. 149 at 4.

---

[1] Initially, Defendant argued that a new trial was appropriate on the basis that the Court had misstated its instructions on Count 1 during trial. ECF No. 145 at 5. The transcript confirms, and defense counsel now acknowledges, that this alleged misstatement did not, in fact, occur. *See* ECF No. 147 at 15-16; ECF No. 148 at 1. The Court will not address this claim any further.

1

Defendant now argues that the "late disclosure of the [confidential informant's] identity deprived the Defendant the opportunity to locate him and investigate what he told law enforcement regarding this case." ECF No. 145 at 8.  Defendant does not articulate what such an investigation would have revealed that would have supported his case at trial; he simply argues that "late disclosure of Brady information," where "the defense cannot make effective use [of the information] in the development of a defense," is "historically considered [] gamesmanship." *Id.* at 8.

Defendant's argument is unpersuasive, insofar as he fails to cite any court order, statute, rule, constitutional mandate, or other legal principle that would have required the government to disclose the confidential informant's identity earlier than it did.  "A defendant is not entitled to the Government's witness list prior to trial."  *United States v. Freeman*, No. 18-CR-217, 2019 WL 2590747, at *3 (S.D.N.Y. June 25, 2019).  Neither Federal Rule of Criminal Procedure 16, *United States v. Bejasa*, 904 F.2d 137, 139 (2d Cir. 1990), nor a prosecutor's *Brady* obligations, *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977), creates such a mandate.  *See id.* ("It does not follow from the prohibition against concealing evidence favorable to the accused that the prosecution must reveal before trial the names of all witnesses who will testify unfavorably."); *see also United States v. Mejia*, 448 F.3d 436, 444 (D.C. Cir. 2006) (rejecting defendants' claim that "the government was required to disclose both the substance of the cooperating witnesses' prior statements and their identities prior to trial," and noting that "the law is generally to the contrary").

At one point in his brief, Defendant accuses the government of "willful disobedience" to a court order.  ECF No. 145 at 9.  To the contrary, the government complied with the relevant disclosure deadlines.  In October 2018, Defendant filed an omnibus motion seeking, *inter alia*, disclosure of "the identity of all confidential informants." ECF No. 31 at 33.  Magistrate Judge

Feldman granted the request that the government disclose the identity of the confidential informant, stating that the defense "will receive [it] eventually." ECF No. 36 at 1; *see also* ECF No. 35. That terminology is ambiguous, but the hearing transcript indicates that the intent was to give the government until "two weeks before" the pretrial conference to disclose that information. ECF No. 38 at 25; *see also id.* at 5. Likewise, in its pretrial order, this Court required the parties to submit their witness lists at least two weeks before the pretrial conference, which was ultimately held on September 7, 2021. ECF No. 113 at 1-2. On August 24, 2021—two weeks before the pretrial conference—the government filed its witness list and disclosed to Defendant the identity of the confidential informant. *See* ECF No. 117 at 4; ECF No. 149 at 4. Thus, the government complied with the two court orders relevant to the issue.[2]

Accordingly, Defendant has not established that relief is warranted on the ground that the government failed to disclose the confidential informant's identity until two weeks before the pretrial conference.

## II. Late Disclosure of Documents

To the extent Defendant is arguing that the error lies in the government's late disclosure of documents and materials related to the confidential informant—rather than the informant's identity itself—he has failed to substantiate a *Brady* claim. "[A defendant] seeking a new trial on the basis of an alleged *Brady* violation bears the burden of demonstrating both that the Government suppressed exculpatory information and that this information was material." *United States v. Brunshtein*, 344 F.3d 91, 101 (2d Cir. 2003). "Although there is no precise deadline for when the government is required to disclose *Brady* and *Giglio* material," the Second Circuit has held that

---

[2] To the extent Defendant disagreed with Judge Feldman's determination that the informant's identity need not be disclosed until shortly before trial, he failed to object to that ruling in a timely manner. *See* Fed. R. Crim. P. 59(a) (stating that a party must file objections to a nondispositive order within 14 days after being served with a copy of the order and that the "[f]ailure to object in accordance with this rule waives a party's right to review").

"*Brady* requires disclosure 'in time for its effective use at trial.'" *United States v. Djibo*, 730 F. App'x 52, 56 (2d Cir. 2018) (summary order) (quoting *United States v. Douglas*, 525 F.3d 225, 245 (2d Cir. 2008)). "*Brady* material that is not disclosed in sufficient time to afford the defense an opportunity for use may be deemed suppressed within the meaning of the *Brady* doctrine." *Douglas*, 525 F.3d at 245 (internal quotation marks and brackets omitted).

Defendant has not demonstrated that the late-disclosed information was "suppressed" within the meaning of *Brady*. The government avers that on August 24, 2021, it provided a number of documents related to the confidential informant, and on September 8, 2021, it provided several more, including an immunity agreement, the informant's grand jury testimony, and 13 pages of documents from the Rochester Police Department. *See* ECF No. 149 at 4. Defendant develops no argument as to how the disclosure of materials on September 8—five days before jury selection—prevented their effective use at trial; he simply asserts it. *See* ECF No. 145 at 6-9. At most, Defendant alludes to the fact that his counsel is a "sole practitioner" who did not have "assistance in preparing for trial," *id.* at 8, but that observation is never developed into any specific claim that he did not have "sufficient time" to read, understand, or use one or more of the items disclosed on September 8. *Leka v. Portuondo*, 257 F.3d 89, 103 (2d Cir. 2001). Indeed, the transcript establishes that during trial, defense counsel was able to make use of the materials disclosed on September 8. *See* ECF No. 144 at 33, 47-48. The late disclosure that Defendant challenges is, on its face, wholly unlike the kind of untimely disclosure that amounts to suppression under *Brady*. *Compare United States v. Gil*, 297 F.3d 93, 106 (2d Cir. 2002) (memorandum was effectively suppressed within the meaning of *Brady*, where it was disclosed on the eve of trial "among *five reams* of paper labeled '3500 material,'" such that "the defense was not in a position to read it, identify its usefulness, and use it" (emphasis added)), *with Douglas*, 525 F.3d at 245-46 (late

4

disclosure did not constitute suppression, where defense was given "290 pages" of documents "on the Friday before trial," but documents "were grouped according to the witness to which they pertained and were easily recognizable as such," and the relevant documents "were easily found and fathomed").

Therefore, Defendant has not established a *Brady*/*Giglio* violation premised on the late disclosure of certain materials.[3]

### III.    Police Disciplinary Records

Defendant next contends that, in violation of *Brady*/*Giglio*, the government failed to disclose the disciplinary records of three government witnesses.[4]  *See* ECF No. 148 at 2; ECF No. 152 at 3.  During *ex parte* review at the time of trial, the Court determined that the government was not obligated to disclose those records.  *See* ECF Nos. 134, 135, 136.  As the Court previously explained, the Second Circuit has deemed such *ex parte* review appropriate in this context.  *See United States v. Hernandez*, No. 18-CR-6126, 2022 WL 109354, at *1-2 (W.D.N.Y. Jan. 12, 2022).  Nevertheless, "in order to fully preserve any issues for appeal, and out of an abundance of caution," *id.* at *2, the Court has conducted a *de novo*, *in camera* review of the potential impeachment evidence related to the three witnesses at issue.  ECF No. 164.

---

[3] If Defendant is merely arguing that the government's disclosures in August and September 2021 were untimely under one or more court orders, he has failed to articulate any prejudice arising therefrom.  *Cf. United States v. Sanchez*, 912 F.2d 18, 22-23 (2d Cir. 1990) (describing standards for discovery violations under Rule 16(d)(2)). Defendant was able to make use of the materials at trial, and he does not make any specific contention that his investigative efforts or trial strategies were stymied because of the late disclosure.

[4] Defendant also argues that the government failed to disclose the disciplinary records of two other government witnesses who did not testify at trial.  *See* ECF No. 148 at 2; ECF No. 149 at 9.  Defendant makes no attempt to explain how "there is a reasonable probability" that, had the records of those two non-testifying witnesses been disclosed, "the result of the proceeding would have been different." *United States v. Bagley*, 473 U.S. 667, 681 (1985); *see, e.g.*, *United States v. Jackson*, 345 F.3d 59, 70-71 (2d Cir. 2003).

After review, the Court reaffirms its prior conclusion that the government was not required, under *Brady* or its progeny, to disclose those materials to the defense. Therefore, Defendant's argument does not warrant relief.

## IV.   Assignment of Second Counsel

Finally, Defendant contends that the Court's failure to grant his requests for the assignment of second counsel warrants a new trial. *See* ECF No. 145 at 10. The Court disagrees.

Except in cases implicating the death penalty, the Criminal Justice Act ("CJA") does not mandate the appointment of a second attorney. *See Douglas*, 525 F.3d at 237-38; *United States v. Jenkins*, 279 F. Supp. 3d 455, 462 (W.D.N.Y. 2018). Rather, as this district's CJA plan makes clear, the issue is left to the Court's discretion. *See* W.D.N.Y. C.J.A. Plan, § VI(D) (permitting the appointment of "[m]ore than one attorney" in "any case determined by the court to be appropriate"); *see also Douglas*, 525 F.3d at 238; *United States v. Clark*, 717 F.3d 790, 810-11 (10th Cir. 2013); *United States v. Robinson*, No. 16-CR-545, 2021 WL 62076, at *15 (E.D.N.Y. Jan. 6, 2021). Although the district's CJA plan does not describe the specific circumstances under which the appointment of second counsel is "appropriate," the relevant legal authorities all suggest that a showing approaching need—as opposed to mere usefulness—is necessary. Appointment may be appropriate where there is a concern "for fairness at the trial of a criminal offense," *Douglas*, 525 F.3d at 238, where denial of the appointment would "impede[] the defendant's defense . . . directly enough to undermine [it]," *Clark*, 717 F.3d at 811, or where the case is "extremely difficult" and appointment is "in the interest of justice," 7A Guidelines for Administering the CJA and Related Statutes § 230.53.20(a) (2022). The standard is not unlike that set forth in 18 U.S.C. § 3006A(e), related to payment for "investigative, expert, or *other services necessary for adequate representation*." 18 U.S.C. § 3006A(e)(1) (emphasis added). That is, "[a]

defendant seeking CJA resources has the burden of satisfying the district court that the services are reasonably necessary, and he must articulate a reasonable basis for the requested services." *Djibo*, 730 F. App'x at 57 (internal quotation marks and brackets omitted).

Defendant offers little to show that he meets this standard. As far as drug conspiracies go, the nature of the allegations against Defendant were fairly circumscribed, *see* ECF Nos. 22, 117, and the government did not present a highly inflated or unusual number of exhibits or witnesses. *See* ECF No. 117 at 3-4; ECF No. 119. Including jury selection, the trial was completed in five days. *See* ECF Nos. 132, 137, 138, 139, 140, 141. Given these facts, it would be difficult to describe this case as "extremely difficult." Furthermore, in his brief, Defendant does no more than assert that second counsel was "vital" and "necessary"; he does not identify any specific problems or issues that his assigned counsel encountered which would have been avoided had another attorney been involved. ECF No. 145 at 10. In other words, Defendant identifies no specific facts or circumstances that would suggest that his right to a fair trial or his right to constitutionally adequate representation was actually impeded due to the absence of second counsel. Based on the record and arguments presently before the Court, it cannot conclude that another attorney should have been appointed.

## CONCLUSION

For the foregoing reasons, Defendant's motion for a new trial (ECF No. 145) is DENIED.

IT IS SO ORDERED.

Dated: February 8, 2022
      Rochester, New York

                                          HON. FRANK P. GERACI, JR.
                                          United States District Judge
                                          Western District of New York